FILED

2018 MAY 18 PM 1:07

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL WEST, an individual,

    Plaintiff,

v.

ITALIAN TERAZZO & TILE CO. OF BREVARD, LLC, a Florida corporation,

    Defendant.

CIVIL ACTION

Case No. 2:18-cv-348-FtM-99MRM

Judge:

Mag. Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, MICHAEL WEST ("WEST" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") for unpaid wages and overtime.

### PARTIES

2. The Plaintiff, MICHAEL WEST ("WEST") is an individual and a resident of Florida who currently resides in Lee County, Florida, but who performed services for the Defendant in Lee and Collier County, Florida. At all times, WEST had individual coverage under the FLSA during his employment with the Defendant. WEST was responsible for being a primary contact between the Defendant and suppliers of goods from outside the State of Florida. WEST assisted in the unloading of goods moved in interstate commerce and installed goods moved in interstate commerce. Most, in not all, of the flooring the Defendant sells and installs originated

1

from outside the State of Florida. **WEST** performed work for the Defendant in Lee and Collier County, Florida, which are within the Middle District of Florida, during the events giving rise to this case. **WEST** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **ITALIAN TERAZZO & TILE CO. OF BREVARD, LLC** ("**DEFENDANT**"), is a Florida corporation and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). At all material times, the Defendant, which is headquartered in Melbourne, Florida, provided flooring and flooring installation to builders, and employed **WEST**. The Defendant has gross sales well in excess of $500,000.00 per year and is thus engaged in interstate commerce. The Defendant has the sole authority to hire, fire and discipline employees, including **WEST**, and it supervises and controls the employees' work schedule and conditions of employment, it determines their rate and method of payment for the employees and it maintains employment records of the employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiffs' claims occurred in Lee and Collier County, Florida, which are within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule

2

1.02(b)(5) since the action accrued in Lee and Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **WEST** was hired by the Defendant on or about January 15, 2015 and was employed as an "area manager."

7. From the start of his employment until April 26, 2018, he was paid on a salary basis.

8. This action is brought to recover unpaid hourly compensation owed to **WEST** pursuant to the FLSA. **WEST** has been employed by the Defendant and was required to perform certain work functions for which he was not compensated.

9. Rather than pay **WEST** his lawful overtime, the Defendant misclassified **WEST** as FLSA-exempt and instead paid him a salary.

10. The Defendant has willfully engaged in a pattern and practice of unlawful conduct by failing to record, credit, or compensate Defendant's non-exempt, hourly wage employees, including **WEST** for all of the time the Defendant requires or permits such employees to perform work for the benefit of the Defendant.

11. At all relevant times, the Defendant has required **WEST** to work, perform duties and spend time, which he did, that constituted compensable regular and overtime hours under the FLSA, including but not limited to:

    a. Failed to allow **WEST** to possess or execute primary job duties that consisted of exercising independent judgment with respect to matters of significance;

    b. Failed to allow **WEST** to supervise any other employees, or have the authority to affect the terms and conditions of any other employees' employment;

c. Failed to have **WEST**'s duties be directly involved with the administration of the Defendant's business;

d. Failed to allow **WEST** any management duties whatsoever;

e. Failed to allow **WEST** to make decisions on behalf of the Defendant that consisted of exercising any independent judgment on matters of significance;

f. Failed to allow **WEST** any authority to make decisions that bind the Defendant;

g. Failed to allow **WEST** authority to formulate, affect, interpret, or implement management policies or operating practices;

h. Failed to allow **WEST** major assignments in conducting the operations of the business;

i. Failed to allow **WEST** work that affects business operations to a substantial degree;

j. Failed to allow **WEST** authority to commit the employer in matters that have significant financial impact;

k. Failed to allow **WEST** authority to waive or deviate from established policies and procedures without prior approval;

l. Failed to allow **WEST** authority to negotiate and bind the company on significant matters;

m. Failed to require **WEST** to provide consultation or expert advice to Defendant's management;

n. Failed to allow **WEST** involvement in planning long or short-term business objectives;

o. Failed to allow **WEST** to investigate and resolve matters of significance on behalf of management;

p. Failed to allow **WEST** to represents the company in handling complaints, arbitrating disputes or resolving grievances;

q. Failed to assign **WEST** to perform work in functional areas of the business itself such as tax, finance, accounting, budgeting, auditing, insurance, quality control, purchasing, procurement, advertising, marketing, research, safety and health, personnel management, human resources, employee benefits, labor relations, public relations, government relations, computer network, internet and database administration, legal and regulatory compliance, and similar activities;

r. Required **WEST** to take direction as to how to perform her job duties, and what tasks to perform, from her supervisors, and;

s. Assigned **WEST** only duties that did not require him to perform work directly related to assisting with the running or servicing of the Defendant's business (as distinguished, for example, installing the Defendant's product).

12. The Defendant's practices alleged in ¶11, *supra*, establish that **WEST** was not FLSA-exempt but rather a non-exempt employee whom the Defendant required or permitted to work off-the-clock in violation of the FLSA because such employees perform work for the benefit of the Defendant for which the employees are not compensated. To the extent that such work is performed during a work week in which the affected employees have, or would have, worked in excess of forty (40) hours per week, such practice further violates the overtime pay provisions of

the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times the employees' regular hourly wage rate.

13. The Defendant also strongly discouraged **WEST** from properly recording his hours, notwithstanding the fact that the Defendant instituted a mandatory clock-in/out procedure with a payroll company after being sued by another employee for FLSA violations.

14. Throughout the course of his employment, **WEST** was required by the Defendant to work sixty (60) hours per week without proper overtime compensation.

15. The Defendant has denied **WEST** lawful compensation for hundreds of overtime hours.

16. Defendant's practices are in direct violation of the FLSA, 29 U.S.C. 201 et. seq., and **WEST** seek injunctive and declaratory relief, compensation, and credit for all unrecorded and uncompensated work required or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

## COUNT I: VIOLATION OF THE FLSA

17. The Plaintiff hereby incorporate Paragraphs 1-16 in this Count as though fully set forth herein.

18. **WEST** was a covered, non-exempt employee under the FLSA at all times during his employment with the Defendant.

19. The Defendant was required by the FLSA to pay the Plaintiff at least time and one-half for all hours worked the **WEST** in excess of 40 hours in a week.

20. The Defendant had operational control over all aspects of **WEST**'s day-to-day functions during his employment, including compensation.

21. The Defendant was, and is, **WEST**'s "employer" and is liable for violations of the FLSA in this case.

22. The Defendant violated the FLSA by failing to pay **WEST** at least time and one-half for all hours worked over 40 in a week.

23. The Defendant has willfully violated the FLSA in refusing to pay **WEST** proper overtime for all hours worked by him over 40 in a week.

24. As a result of the foregoing, the **WEST** has suffered damages of lost wages.

25. The Defendant is the proximate cause of the **WEST**'s damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: May 14, 2018

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT &DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com