UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL WEST, an individual,

    Plaintiff,

vs.        CASE NO. 2:18-cv-00348-SPC-MRM

ITALIAN TERRAZZO & TILE CO. OF
BREVARD, LLC, a Florida corporation.

    Defendant.
_____/

**JOINT MOTION TO APPROVE THE PARTIES' PROPOSED FLSA
SETTLEMENT AND THEREAFTER ENTER DISMISSAL WITH PREJUDICE**

Plaintiff MICHAEL WEST ("West" or "Plaintiff") and Defendant ITALIAN TERRAZZO & TILE CO. OF BREVARD, LLC ("Italian Tile" or "Defendant") (Plaintiff and Defendant referred to collectively herein as the "Parties"), hereby jointly move the Court to review and approve the Parties' settlement of Plaintiff's wage, hour and related attorney's fees and cost claims asserted under the Fair Labor Standards Act ("FLSA"), and to thereafter dismiss this case with prejudice.

The Parties premise this motion on the following grounds.

**I.    Procedural Background/Posture of the Case**

This action was commenced by Plaintiff in May 2018 pursuant to a single count complaint, asserting a claim under the FLSA [**Doc. No. 1**]. West specifically claims that while employed by Defendant he was allegedly misclassified as exempt from the overtime provisions of the FLSA in carrying out his duties as a Project Manager, and later as a Field Manager. After Italian Tile filed its Answer [**Doc. No. 6**], the Court

issued an FLSA Scheduling Order on July 13, 2018 [**Doc. No. 8**]. In conformance with the Court's Scheduling Order, the Parties engaged in early discovery and settlement discussions over a course of several months, culminating in a full-day mediation utilizing the services of a professional mediator (James Nulman) on January 18, 2019. The mediation was successful in resolving this matter, as reported to the Court in a Mediator's Report [**Doc No. 24**]. The Court thereafter issued an Order directing the Parties to file this motion and submit their settlement for review in conformance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) [**Doc No. 25**].

The Parties accordingly make this joint motion to request that the Court review and approve the Parties' attached Settlement Agreement (Exhibit A) in conjunction with dismissal of the case with prejudice as provided in *Lynn's Foods*—i.e., review and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

**II.     Factual Background**

West was formally employed by Defendant, first as a Project Manager (from 2015 to 2017), and then as a Field Manager (from January 2018 to April 2018). While employed by Italian Tile, West was classified and treated as an exempt employee, and paid on a salary basis, ranging from approximately $900 to $1,200 per week.

West alleges in his Complaint that he was misclassified as an exempt employee, and that he should have been paid overtime for any work in excess of 40 hours per week while working for Defendant. In response to Court ordered interrogatories, West alleged that he worked as estimated 17.5 hours of overtime (i.e., 57.5 hours total) each and every

week (from May 2015 to April 2018). Based on calculations that used his highest salary/pay rate (during the final few months of his employment as a Field Manager), applied retroactively over that entire period from May 2015 to April 2018, West asserted in his interrogatories that he was entitled to $84,636.54 in total unpaid overtime.

Defendant denies Plaintiff's claim that he was misclassified (and thus maintains that there is no basis for Plaintiff's claim of entitlement to overtime for his work with Italian Tile), and disputes West's claim that he was working the kinds of hours claimed in his interrogatories. Specifically, Defendant maintains that: (1) Plaintiff was at all times properly classified as exempt and performing exempt duties while working as a Project Manager and after his promotion to Field Manager;[1] (2) Plaintiff worked significantly fewer hours per week that what he claimed in his interrogatories; (3) Plaintiff was appropriately paid and fully-compensated for all hours and compensable working time by payment of his salary, and (4) Plaintiff has been otherwise fully and properly reimbursed and compensated for all amounts to which he is legally entitled by Italian Tile.

With regard to Plaintiff's alleged damages, Italian Tile produced records contesting the hours and calculations put forward by Plaintiff, and also provided a variety of e-mails it believes document and demonstrate that West was at all relevant times carrying out duties and performing functions that satisfy the applicable legal requirements to be deemed exempt from overtime under the administrative employee exemption (as a Project Manager), and later the executive employee exemption (as a

---

[1] Defendant specifically maintains that 1) the Project Manager position is administrative exempt, consistent with a 2009 U.S. Department of Labor (DOL) Opinion Letter (2009-29 (Jan. 16, 2009)) analyzing a position similar to that held by West as a Project Manager, that was recently reissued and endorsed once again by the DOL (FLSA 2018-10 (Jan. 5, 2018)), and 2) the Field Manager position is executive exempt, as West was responsible for supervision of at least four full-time employees.

Field Manager). Additional evidence was also provided by Defendant at the mediation that further called Plaintiff's FLSA claims into question.

While the Parties have an obvious dispute as to whether any monies are owed or due Plaintiff from Defendant, to avoid the disruption and expense of continuing this litigation, Plaintiff and Defendant have agreed to settle this action in exchange for a payment by Defendant of the total sum of $8,000.00. This amount is apportioned as follows:

- $4,880.00 to Plaintiff, in full and final settlement of any claims for unpaid wages, overtime, expenses or other compensation, remuneration, entitlements or related damages, less applicable withholdings and deductions; and

- $3,120.00 to Yormak Employment & Disability Law, in full and final settlement of Plaintiff's attorneys' fees and costs.

In conjunction with resolving this matter, the Parties note that they separately and independently negotiated and agreed the $3,120 amount to be paid to satisfy Plaintiff's attorneys' fees and costs, without regard to Plaintiff's asserted damages and the amounts to be paid to Plaintiff as settlement in full for any alleged claim for wages or liquidated damages, consistent with the court's ruling in *Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1227 (M.D. Fla. 2009).

Plaintiff and Defendant have entered into the Settlement Agreement (Exhibit A) attached hereto to fully settle and resolve all wage, hour and related attorneys' fees and cost claims by Plaintiff, with the understanding that this action will be dismissed with prejudice as part of that settlement, upon approval of the Settlement Agreement (Exhibit A) by the Court.

Counsel for Plaintiff represents that no retainer agreement or other arrangement shall override or alter the amount of settlement proceeds to be paid to Plaintiff or Plaintiff's counsel.

### III. Legal Principles

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). This general rule recognizes that there are often inequalities in bargaining power between employees and employers. However, if certain conditions are met, an employee may settle and waive FLSA claims against an employer.

Currently, there are only two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA specifically allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food*, 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

Therefore, an employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if (1) the settlement between the employer and the employee occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computation that are actually in dispute; and (3) the district court enters a judgment approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food*, 679 F.2d at 1354.

### IV. Analysis

The instant case plainly involves a situation in which the Court may allow Plaintiff to settle and release his claims against Defendant. The proposed settlement arises out of an adversarial context. Defendant clearly disputes Plaintiff's claims and whether he is entitled to any recovery at all. All Parties have been represented by experienced employment law counsel throughout this litigation. The Parties' agreement to resolve this matter came after the Parties exchanged extensive time and pay records and e-mails, as well as shared and discussed relevant legal authorities relating to the legal questions at issue. The resolution reached is not the result of any fraud or collusion by, between or among any of the Parties or counsel for the Parties. The Parties' respective attorneys have zealously represented their clients' interests since the commencement of this litigation. The Parties agreed to the terms of this settlement after they were counseled by their respective attorneys, and to avoid the disruption, expense and uncertainties of further litigation. The attorney fees and costs being paid were separately and independently negotiated, without regard to the amount to be paid to Plaintiff.

## V. Conclusion

The Parties jointly move this Court to review and approve the attached FLSA Settlement Agreement (Exhibit A), and thereafter dismiss the case with prejudice.

| | |
|---|---|
| s/ **BENJAMIN H. YORMAK** | s/ **LOUIS D. WILSON** |
| Benjamin H. Yormak, Esq. | Andrew S. Hament, Trial Counsel |
| Fla. Bar No. 71272 | Florida Bar Number 0325279 |
| Email: byormak@yormaklaw.com | ahament@fordharrison.com |
| Yormak Employment & Disability Law | Louis D. Wilson, Trial Counsel |
| 9990 Coconut Road | Florida Bar Number 0062257 |
| Bonita Springs, Florida 34135 | ldwilson@fordharrison.com |
| Telephone: 239-985-9691 | FORD & HARRISONLLP |
| Facsimile: 239-288-2534 | 1901 Harbor City Blvd, Suite 501 |
| Attorney for Plaintiff | Melbourne, Florida 32901 |
| | Telephone: (321) 724-5970 |
| | Facsimile: (321) 724-5979 |
| | Attorneys for Defendant |
| Signed: February 15, 2019 | Signed: February 15, 2019 |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 15, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will electronically send a notice of electronic filing to the attorney of record for Plaintiff, Benjamin H. Yormak, Esq., Yormak Employment & Disability Law, 9990 Coconut Road, Bonita Springs, Florida, 34135 at byormak@yormaklaw.com.

/s/*Louis D. Wilson*
Louis D. Wilson

WSACTIVELLP:10337118.1