UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL WEST, an individual,

    Plaintiff,

v.                                       Case No:   2:18-cv-348-FtM-38MRM

ITALIAN TERAZZO & TILE CO. OF
BREVARD, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Joint Motion to Approve the Parties' Proposed FLSA Settlement and Thereafter Enter Dismissal With Prejudice filed on February 15, 2019. (Doc. 26). In addition, the parties filed a Joint Supplemental Memorandum on March 8, 2019. (Doc. 28). Plaintiff Michael West and Defendant Italian Terrazzo & Tile Co. of Brevard, LLC jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") wage claims asserted in this case. After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

In the Complaint, Plaintiff alleges that he was hired by Defendant as an area manager. ([Doc. 1 at 3](#) ¶ 6). He began his employment on approximately January 15, 2015 and was paid on a salary basis through April 26, 2018. (*Id.* at 3 ¶¶ 6-7). Plaintiff contends that Defendant misclassified him as an FLSA-exempt employee and paid him a salary instead of compensating him for the overtime he worked. (*Id.* at 3 ¶¶ 9-10). Plaintiff claims that during the time he worked for Defendant, he was not compensated for hours worked in excess of forty (40) hours per workweek. (*Id.* at 6 ¶¶ 14-15).

Defendant denies Plaintiff's claim that he was misclassified as an FLSA-exempt employee and denies Plaintiff is entitled to overtime wages. ([Doc. 26](#) t 3). Further, Defendant disputes that Plaintiff worked the number of hours alleged or was not appropriately paid and fully compensated for all of the hours worked. (*Id.*).

**LEGAL STANDARD**

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *[Lynn's Food Stores, Inc. v. United States](#)*, 679 F.2d 1350, 1355 (11th Cir. 1982); [29 U.S.C. § 216](#). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under [29 U.S.C. § 216(c)](#), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under [29 U.S.C. § 216(b)](#) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Undersigned turns to the provisions of the Settlement Agreement. (Doc. 26-1).

## ANALYSIS

The parties agree that there is a bona fide dispute as to whether Plaintiff was entitled to unpaid wages and liquidated damages and, if so, the number of hours he actually worked. (Doc. 26 at 3-4). Even though a bona fide dispute exists between the parties, after negotiations between counsel and the exchange of documents, the parties decided to settle this matter. (*Id.* at 4).

Under the terms of the Settlement Agreement, Defendant agrees to pay Plaintiff $4,880.00. (Doc. 26-1 at 2). The parties did not allocate the amount of damages between unpaid wages and liquidated damages. The Undersigned entered an Order on February 19, 2019, directing the parties to explain the non-payment or non-allocation of liquidated damages. (Doc. 27 at 2-3).

Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated

3

damages." A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008).

In response to the February 19, 2019 Order, on March 8, 2019, the parties filed a Joint Supplemental Memorandum. (Doc. 28). The parties "ultimately agreed to forego expressly designating some [portion] as liquidated damages based on their respective views on the merits of the case and the fairness of the amount being paid." (Doc. 28 at 1). The parties agree that Defendant "was acting in good faith and has reasonable grounds (objectively and subjectively) for its belief that West was exempt under the FLSA." (*Id.* at 2, 4). Based upon the parties' agreement, the Court finds that Defendant has satisfied the good faith requirement and Plaintiff is not entitled to liquidated damages in this case.[2]

Furthermore, the parties were represented by experienced counsel and agree that the settlement amount is fair and reasonable. (*Id.* at 2, 4-5). The parties also agree that the settlement is not the result of any fraud or collusion among the parties or counsel. (*Id.* at 4). The Undersigned finds that based upon the representations of the parties, the settlement amount is a fair and reasonable resolution of the claims in this action.

---

[2] Alternatively, the parties agree that the Court could split the settlement amount and treat $2,440.00 as damages for unpaid wages and $2,440.00 as liquidated damages. (Doc. 28 at 4). The Court finds that the parties established that Defendant was operating in good faith and had reasonable grounds for its belief that Plaintiff was an FLSA-exempt employee. (*Id.* at 2, 4). Thus, the Undersigned attributes the entire settlement amount of $4,880.00 to unpaid wages.

4

**ATTORNEY'S FEES**

Defendant agrees to pay Plaintiff's attorney's fees and costs in the amount of $3,120.00. (Doc. 26-1 at 2). The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to Plaintiff. (Doc. 26 at 4). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In Bonetti, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the instant case, the parties reached a settlement and agreed upon the amount of attorney's fees and costs without compromising the amount paid to Plaintiff. (Doc. 26 at 4). Thus, the Undersigned finds that the amount of attorney's fees is reasonable.

**CONCLUSION**

The Undersigned finds that the Settlement Agreement (Doc. 26-1) appears reasonable on its face. Accordingly, the Undersigned recommends that the Joint Motion to Approve the Parties

5

Proposed FLSA Settlement and Thereafter Enter Dismissal With Prejudice (Doc. 26) be granted and the Settlement Agreement (Doc. 26-1) be approved.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Joint Motion to Approve the Parties' Proposed FLSA Settlement and Thereafter Enter Dismissal With Prejudice (Doc. 26) be **GRANTED**.

2) The Settlement Agreement (Doc. 26-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

3) If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on March 11, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties